PROFESSIONAL ADJUSTING SYS-
TEMS OF AMERICA, INC.,
et al., Plaintiffs,

v.

GENERAL ADJUSTMENT BUREAU,
INC., Defendant.

Civ. A. No. 72–736.

United States District Court,
E. D. Pennsylvania.

Aug. 2, 1972.

H. Laddie Montague, Jr., of David Berger, P. A., Philadelphia, Pa., for plaintiffs.

John F. Wilson, III, and Raymond W. Midgett, Jr., of Deckert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is a Motion for Withdrawing the Order of this Court dated July 11, 1972 which granted the defendant's Motion to Transfer this action to the United States District Court for the Southern District of New York as unopposed, and ordered the Clerk to send the file to the Southern District of New York. Also, before the Court for approval is a stipulation between plaintiffs' counsel and defendant's counsel extending the time within which plaintiffs may file a response to defendant's Motion to Transfer until August 15, 1972. Another stipulation is also before the Court for approval, again be-

tween plaintiffs' counsel and defendant's counsel extending the time within which General Adjustment Bureau, Inc. may file a response to plaintiffs' complaint in the above captioned action until twenty-five (25) days after the entry of an order granting or denying defendant's Motion for Transfer.

██ This Court seeks to hear controversies on their merits, but also seeks an orderly and prompt disposition of those controversies. The agreement between counsel whereby plaintiffs were to have until August 15, 1972, to file its opposition was not in proper form, nor submitted to this Court for approval as required. If plaintiffs' counsel needed an extension of time to respond to defendant's Motion to Transfer, and counsel could stipulate to an extension of time, then counsel should have applied to the Court for approval of such a stipulation under Local Rule 17(c). Anything less would preempt the ability of the Court to exercise its prerogative over calendar control and the orderly disposition of cases. Exceptions can be made when reasonable requests are put forth in proper form, and approval of the Court is received.

██ The Court when it granted defendant's Motion to Transfer did not have a proper stipulation for extension of time to approve, nor was such approval given, therefore an opposition to the motion was necessary pursuant to Local Rule 36.[1] The Court presently has before it a proper stipulation for an extension of time to respond to the Motion to Transfer. The Court will now approve that stipulation, the first extension of time which the plaintiffs' have requested, and vacate the Order of July 11, 1972, allowing plaintiffs to oppose the motion.

██ The defendant has also sought approval of a stipulation allowing them twenty-five (25) days after the order granting or denying the motion to transfer in which to file a response to plaintiffs' complaint. The complaint was filed April 14, 1972, and service made April 19, 1972, at the state registered office for the service of legal process on General Adjustment Bureau, Inc. On May 5, 1972, pursuant to Local Rule 17(b) the Clerk entered a stipulation whereby the defendant received an additional thirty (30) days within which to respond to plaintiffs' complaint by answer, motion, or otherwise. On June 5, 1972, the Court approved a similar thirty (30) day extension of time up to and including July 8, 1972. On July 6, 1972, the parties submitted yet another stipulation whereby defendant would not have to answer the complaint until the motion for transfer was decided. That stipulation was not approved, and as of August 1, 1972, no answer has been filed. That stipulation will not be approved by this Court. Three and one-half months have passed since the complaint was filed and two and one-half months since service was completed. Two and one-half months is equivalent to at least seventy-five (75) days. At this time of the writing of this Opinion no answer has been filed and the defendant has had almost four times the usual twenty (20) day time limit in which to answer or otherwise plead.

██ The Court recognizes the complexity of anti-trust litigation and class actions, and feels the prior extensions were reasonable. However, the Court cannot deem reasonable an extension of time which is dependent on the deciding of a motion to transfer. The defendant would have to respond to the complaint whether it was in the Eastern District of Pennsylvania or the Southern District of New York. Therefore, the stipulation whereby the defendant would have twenty-five (25) days to answer after determination of the motion to transfer will not be approved.

---

1. The motion was accompanied by a proper notice of motion giving the plaintiffs five days in which to file its opposition.

**406**

## ORDER

And now, to wit, this 2nd day of August, 1972, the Order of July 11, 1972, granting defendant's Motion to Transfer and Ordering the Clerk to send the file to the Southern District of New York is hereby vacated. The plaintiffs are ordered to file an opposition to defendant's Motion to Dismiss on or before August 15, 1972.

It is further ordered that the Stipulation between counsel allowing defendant twenty-five days after a decision on the Motion to Transfer in which to file an answer is not approved. The defendant is given twenty (20) days from the date of this Order in which to file an answer and no further extensions shall be granted.

It is so ordered.